**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MD FERDOUS ISLAM,

Petitioner,

v.

Case No. 1:26-cv-02753-MIS-JHR

MARKWAYNE MULLIN, Secretary, United States Department of Homeland Security; TODD BLANCHE, United States Attorney General; WARDEN, Cibola County Correctional Center; DAVID VENTURELLA, Acting Director, Immigration and Customs Enforcement; and MARY DE ANDA-YBARRA, Field Office Director of Enforcement and Removal Operations, Immigration and Customs Enforcement;

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**THIS MATTER** is before the Court on Petitioner MD Ferdous Islam's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed August 20, 2026. The Federal Respondents, Todd Blanche, Markwayne Mullin, David Venturella, and Mary De Anda Ybarra, filed a Response August 28, 2026 ("Response"). ECF No. 5. Upon Review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

## I. Background

Petitioner is a citizen of Bangladesh who entered the United States on a B-2 tourist visa in June of 2024. Pet. ¶ 24. After his entry into the United States, Petitioner filed an application for asylum citing fears he'd be punished as a political dissident if returned to his native land. Id. ¶ 25.

Petitioner's B-2 visa expired on December 29, 2024, but his application for asylum remains pending. Id. ¶¶ 25-27.

On July 29, 2026, Petitioner was stopped and detained by immigration officials while driving his car. He has been detained ever since and is currently detained at the Cibola County Correctional Center in Milan, New Mexico. Id. ¶¶ 29-30.

On August 17, 2026, Petitioner received a bond hearing, at which an Immigration Judge denied bond with a single sentence explanation stating: "Flight Risk – Visa Overstay. Speculative form of relief, and no relief filed with court." Id. ¶ 31.

Petitioner then filed the instant Petition on August 20, 2026, seeking immediate release, or alternatively a constitutionally adequate custody hearing. Id. at 23. Federal Respondents filed a Response to the Petition on August 28, 2026, ECF No. 5.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that his detention is governed by 8 U.S.C. § 1226(a) and he is therefore entitled to a constitutionally adequate individualized bond hearing which he has yet to receive in the instant case because the "flight risk" determination made at the bond hearing on August 17th provided no reasoning behind that determination and "was merely a blanket denial[.]" Id. ¶¶ 45, 65. Thus, Petitioner asks the Court to grant him habeas relief and order his immediate release. Id. at 23.

Respondents do not challenge the specific factual assertions of Petitioner. See generally Resp. Respondents also do not provide a copy of the Immigration Judge's August 17, 2026, Order, nor do they address Petitioner's argument that the bond hearing he received was constitutionally inadequate. Id. Rather, Respondents state the following in their Response:

> For purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition detailing the facts and circumstances of this case. Respondents recognize that the Court may then decide to grant the Petition and award appropriate relief. Respondents note that Petitioner had a bond hearing on August 17, 2026. The Immigration Judge denied bond, finding that Petitioner was a flight risk. Under 8 U.S.C. § 1226(e), the Court does not have the jurisdiction to review the factual basis for the determination. If the Court finds that the hearing was insufficient, Respondents do not oppose a second bond hearing. Respondents submit that if the Court does grant the Petition, the appropriate relief would be an Order directing that Respondents, within seven days of this Court's Order, to provide Petitioner with a second bond hearing under 8 U.S.C. § 1226(a), or else release Petitioner.

Id. at 1-2 (citing Santillan Quiroz v. Mullin, 180 F.4th 1226, 1251 n.13 (10th Cir. 2026)).

"Where, as here, 'a party files a response to a motion but does not address all arguments which the motion raises, the party has effectively conceded the arguments which it does not address.'" Alfaro Herrera v. Baltazar, Civil Action No. 1:25-cv-04014-CNS, 2026 WL 91470, at *5 (D. Colo. Jan. 13, 2026) (quoting Series 17-03-615 v. Teva Pharms. USA, Inc., 785 F. Supp. 3d

904, 935 (D. Kan. 2025)); see also C1.G on behalf of C.G. v. Siegfried, 38 F.4th 1270, 1282 (10th Cir. 2022) (holding that the district court correctly dismissed plaintiff's facial challenge as "abandoned" where plaintiff failed to include that challenge in his response to arguments raised in defendant's motion to dismiss). Accordingly, the Court finds that Respondents' non-opposition to the Petition constitutes a concession that Petitioner is being detained in violation of his Fifth Amendment right to due process and the bond hearing he received was constitutionally inadequate.

Petitioner was apprehended within the interior of the U.S. after continuously residing in the United States for more than two years. Pet. ¶ 27. Thus, as the Tenth Circuit recently held in Santillan Quiroz v. Mullin, Petitioner's detention is governed by § 1226(a). 180 F.4th 1226, 1237 (10th Cir. 2026). Further, while Petitioner received a bond hearing, the record before the Court does not suggest the hearing was constitutionally adequate under the Fifth Amendment, nor compliant with the INA. The Immigration Judge denied bond with a single sentence explanation stating: "Flight Risk – Visa Overstay. Speculative form of relief, and no relief filed with court." Pet. ¶ 31. That is merely the determination. Further, Respondents do not contest Petitioner's assertion that the Immigration Judge "provided no other analysis to support his decision." Id.; see generally Resp. Here, a one sentence conclusion that contains no elaboration/explanation and reflects no consideration of the factors relevant to the flight risk determination does not support a finding that Petitioner received a constitutionally adequate bond hearing for the purposes of § 1226(a). Therefore, the Court finds that Respondents have violated Petitioner's rights under the INA and Due Process Clause by failing to provide him a constitutionally adequate bond hearing, and habeas relief is appropriate.

Further, because of Petitioner's history of employment in the U.S. and close familial relationships and community ties within the U.S., Pet. ¶ 28, and the fact that Respondents have

provided no facts to suggest Petitioner is either a danger to the community or a flight risk, see generally Resp., the Court finds that immediate release is the appropriate remedy. See Boumediene v. Bush, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

## IV. Conclusion

Accordingly, it is **HEREBY ORDERED** that:

1. Petitioner MD Ferdous Islam's Petition for a Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner from detention without constraints beyond those that existed before his unlawful detention;
3. Respondents are **ENJOINED** from re-detaining Petitioner without conducting a constitutionally adequate pre-deprivation bond hearing pursuant to 8 U.S.C. § 1226(a) and In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006);
4. Respondents are further ORDERED to return to Petitioner's custody all of his personal belongings and possessions; and
5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE